H. F. RUSSELL v. L. R. POWELL, JR., and HENRY W. ANDERSON, as receivers of The Seaboard Air Line Railway and, A. M. BAKER.

10 So. (2nd) 907      June Term, 1942
December 18, 1942      Division A

*Walter E. Smith* and *J. B. Rodgers, Jr.,* for appellant.

*C. P. Dickinson,* for appellees.

ADAMS, J.:

This is an appeal from an order granting a new trial.

Plaintiff recovered a $15,000 verdict as a result of the negligent operation of an automobile. The trial judge evidenced an opinion that the verdict was excessive but granted a new trial because of three certain charges given. They are as follows:

"It is the duty of one driving a motor vehicle upon the highway at night to drive at a rate of speed so that he is able to stop or control his car within the range of his vision. If you find the evidence in this case is that the defendant A. M. Baker was driving in excess of 45 miles per hour within a short distance of the scene of the accident, and that

at the time that he discovered the plaintiff's car and applied his brakes he had proceeded too close to prevent collision with the truck of H. F. Russell, the plaintiff, and that said Baker's negligence was the proximate cause of plaintiff's injury, and if find that the plaintiff is not guilty of contributory negligence, then and in that event you should return your verdict for the plaintiff."

"If you find from the evidence that the road upon which the plaintiff and A. M. Baker were driving was an asphalt road 20 feet wide and almost straight for 1500 feet northwest of where the accident occurred, that there was no obstruction and at the time and place of the accident plaintiff was proceeding toward the city of Apopka on the right hand side of the road and his truck was struck in the rear by the automobile driven by A. M. Baker, and you also find that the plaintiff was not guilty of contributory negligence, then you should return a verdict for the plaintiff."

"If you find the evidence in this case is that the defendant A. M. Baker was driving in excess of 45 miles per hour within a short distance of the scene of the accident, and that at the time that he discovered the plaintiff's car and applied his brakes he had proceeded too close to prevent collision with the truck of H. F. Russell, the plaintiff, and that said Baker's negligence was the proximate cause of plaintiff's injury, and if you find that the plaintiff is not guilty of contributory negligence, then and in that event you should return your verdict for the plaintiff."

The trial judge was of the opinion that these charges assumed that defendants were negligent. We cannot say that for that reason the charges are bad. The charges are nearer bad as charging on the facts rather than the law (Sec. 54.17 Laws of 1941) yet we do not feel justified in requiring a new trial for that reason when we consider the entire charge in relation to the second as a whole. See Harmless Error, 54.23 Laws of 1941. Considering the entire charge and the facts of this case we hold that the order granting a new trial because of the charges was error.

Inasmuch as counsel has briefed the question of the excessiveness of the verdict we have considered that question

also.  We share the opinion of the trial judge that the verdict is excessive.  We hold that the granting of a new trial because of the charges as stated by the trial judge was error and it is our conclusion that the order granting a new trial be reversed with directions for the trial court to reconsider the motion for a new trial on the question of the excessiveness of the verdict only.

The order granting a new trial is reversed and the cause is remanded with directions to proceed further consistent with this opinion and to enter final judgment for plaintiff below on the verdict, if same is approved consistent with this opinion, unless a motion in arrest of judgment or for judgment non obstante veredicto shall be made and prevail.  See Section 59.04 Florida Statutes, 1941; Section 4615 C. G. L.

Reversed.

BROWN, C. J., WHITFIELD and BUFORD, JJ., concur.